IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRETT and DANA WEINSTEIN, Plaintiffs | CIVIL ACTION NO. 12-361 |
| v. | |
| J.P. MORGAN CHASE/CHASE FINANCIAL; ROBERT TATE; GRANITE LOAN MANAGEMENT LLC; WILMINGTON TRUST, N.A.; EQUIFAX CREDIT INFORMATION SERVICES, INC.; EXPERIAN; TRANSUNION; and JOHN DOE, Defendants | |

## BRIEF OF GRANITE LOAN MANAGEMENT, LLC, IN OPPOSITION TO MOTION OF PLAINTIFFS FOR LEAVE TO FILE SUR-REPLY

**AND NOW** comes Granite Loan Management, LLC ("Granite"), by and through its undersigned attorneys, and files this Brief in Opposition to Plaintiffs' Motion for Leave to File Sur-Reply (Document No. 88).

### I. PROCEDURAL BACKGROUND

Granite hereby adopts by reference and incorporates herein the Procedural Background contained in Granite's Brief in Opposition to Plaintiffs' Motion for Reconsideration, which Granite filed on May 17, 2013 (Document No. 86).

### II. LEGAL CONTENTIONS AND AUTHORITIES RELIED UPON BY GRANITE

Plaintiffs assert, in their Memorandum in Support of their Motion for Leave, that the documents contained within Exhibit "1" of their Motion for Leave are "newly-discovered." Those documents, however, appear to be the same documents which Plaintiffs included as the

first few pages of Exhibit "2" to Plaintiffs' Motion for Reconsideration. Granite has already explained, in its Brief in Opposition to Plaintiffs' Motion for Reconsideration, why those documents are neither "newly-discovered" nor should they change the result reached by the Court regarding Granite's Rule 12(b)(6) Motion. (Granite Oppos.Br. at pp. 4-5.)

In their Memorandum supporting their current Motion for Leave, Plaintiffs say that Granite's "contention that said evidence was made available to Plaintiffs at least a month prior to this Court's ruling is both unsupported by Defendant's Brief and moreover [is] an ongoing and disputed allegation." (Pl. Mem. at p. 3.)[1] Plaintiffs, in making the foregoing statement, directly contradict what they previously told the Court in their Memorandum in Support of their Motion for Reconsideration. In that previous Memorandum, Plaintiffs said: "[T]he first ten pages of Exhibit '2' [were] produced by Murray Levin on April 10, 2013 ...." (Pl. Mem. in Suppt. of Reconsid., at p. 4.)[2] In light of the foregoing, it appears Plaintiffs have an "ongoing dispute" with themselves, not with Granite, as to when the documents were produced to them and the Court should place no credence in Plaintiffs' new factual assertion. *See generally Montrose Medical Group v. Bulger*, 243 F.3d 773, 780-781 (3rd Cir. 2001)(cautioning that inconsistent positions taken in bad faith, with "an intent to play fast and loose with the court," may be sanctionable).

---

[1] For the record, Granite did not claim that the Murray Levin documents were produced "at least" one month before the Court's May 8, 2013, decision; rather, Granite said that Plaintiffs admitted that the documents were produced to them "approximately" one month before the Court's decision. Also for the record, we note that Plaintiffs do not contest the fact that the vast majority of documents which Plaintiffs attached as Exhibit "2" to their Reconsideration Motion were produced to them by Granite in November, 2012, approximately six months prior to the Court's decision.

[2] The Court's decision was rendered on May 8, 2013, approximately one month thereafter.

In any event, the documents merely reiterate a fact contained in Plaintiffs' Amended Complaint and already considered by the Court—that, at the closing of the Construction Loan, a "fee" of $1,405.00 is reflected as allocated to Granite. (Court Memorandum at p. 2.) Interestingly, the Court's conclusion that that "fee" did not prove any contractual relationship between Granite and Plaintiffs is actually corroborated by the message on the very first page of Exhibit "1," from the closing agent to Plaintiffs' attorney. That message states, in pertinent part: "Also attached are the instructions, pages 11 and 12. It shows that we are directed to show that the fee is being collected for Granite, **but is within the fees sent to Chase**." (Emphasis added.) In other words, the documents show that the money actually flowed from Plaintiffs to Chase, a fact which makes complete sense, because Plaintiffs' relationship was with Chase, not Granite.

### III. CONCLUSION

For all of the foregoing reasons, Granite respectfully requests that the Court deny Plaintiffs' Motion for Leave to File a Sur-Reply.

Dated: 6/3/13

Of Counsel

Beckley & Madden
212 North Third Street
Suite 301
Harrisburg, PA 17101
(717) 233-7691

William D. DePuy, Esquire
Granite Loan Management, LLC
10770 E. Briarwood Avenue, Suite 280
Englewood, CO 80112
(303) 925-2078

Respectfully submitted,

_____
John G. Milakovic

_____
Charles O. Beckley, II

Attorneys for Granite Loan Management, LLC

3

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing document was this day served upon the following persons in the manner below indicated.

### **ELECTRONICALLY VIA COURT ECF SYSTEM**

Counsel of record for all parties

Dated: 6/3/13

John G. Milakovic